# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DENTON,<br><br>    Plaintiff,<br><br>  v.<br><br>PULIDO, et al.,<br><br>    Defendants. | 1:13-cv-00017-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF DEFENDANT KERN COUNTY JAIL<br><br>THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Bryan Denton ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on January 2, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is incarcerated at the Sacramento County Jail.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the Lerdo County Jail in Kern County. Plaintiff names Officer Pulido in his individual capacity (ECF No. 11) and the Kern County Jail (alternately referred to by Plaintiff as the Lerdo County Jail) as defendants.

Plaintiff alleges as follows:  On October 19, 2011, Plaintiff was watching TV in the Kern County Jail pre-trial facility A-pod day room.  A fight broke out between approximately 20 individuals.  Riot officers entered the pod and immediately commanded everyone to get down on the floor.  Plaintiff immediately complied, lying face down on the floor as ordered.  Defendant Pulido came in and slammed Plaintiff's face into the concrete floor, busting his chin, knocking out his four front teeth and breaking his jaw bone.  Plaintiff requested medical attention, but was neglected.  After suffering for hours in extreme pain, Plaintiff was taken to the hospital. Defendant Pulido allegedly admitted to the use of force.

Plaintiff further alleges that he was released early to help make the problem go away.  He only served 21 days on a 135-day parole violation.

///

### III. Discussion

#### A. Defendant Kern County Jail

To the extent Plaintiff seeks to hold the jail liable for the actions of Defendant Pulido, he may not do so. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Webb v. Sloan, 330 F.3d 1158, 1163–64 (9th Cir.2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir.2002). Rather, a local government unit may only be held liable if it inflicts an injury. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Alternately, a plaintiff can allege that through its omissions, the county or municipality is responsible for the constitutional violations. Gibson, 290 F.3d at 1186. In such an instance, the plaintiff must show that the municipality's deliberate indifference led to its omission and that omission caused the employee to commit the constitutional violation. Id.

Here, Plaintiff has not alleged any facts to demonstrate liability on the part of the Kern County Jail. The Court finds that Plaintiff has not stated a cognizable claim against the Kern County Jail and will recommend dismissal of the Kern County Jail as a defendant.

#### B. Excessive Force Claim

At the time of the alleged incident, Plaintiff was being held at a pretrial facility. As a pretrial detainee, it is the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment that protects him "from the use of excessive force that amounts to punishment." Gibson, 290 F.3d at 1197 (citing Graham v. Connor, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Force that is unreasonable under the circumstances violates the Constitution. Id.

Plaintiff's allegations are sufficient to state an excessive force claim against Defendant Pulido, who allegedly slammed Plaintiff's face into the concrete floor.

### IV. Conclusion and Recommendations

The Court finds that Plaintiff's complaint states a cognizable Fourteenth Amendment excessive force claim against Defendant Pulido, but fails to state a cognizable section 1983 claim against Defendant Kern County Jail. As Plaintiff previously was provided with the relevant legal standards, the Court does not recommend granting further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on January 2, 2014, against Defendant Pulido for excessive force in violation of the Fourteenth Amendment; and
2. Defendant Kern County Jail be dismissed from this action based on Plaintiff's failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 14, 2014**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE