# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DENTON,<br><br>        Plaintiff,<br><br>  v.<br><br>PULIDO, et al.,<br><br>        Defendants. | 1:13-cv-00017-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF DEFENDANT KERN COUNTY JAIL<br><br>(ECF No. 14) |

Plaintiff Bryan Denton ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 14, 2014, the Magistrate Judge issued Findings and Recommendations that this action proceed on Plaintiff's first amended complaint against Defendant Pulido for excessive force in violation of the Fourteenth Amendment and that Defendant Kern County Jail be dismissed from this action based on Plaintiff's failure to state a cognizable claim.[1]  The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within thirty days after service.  (ECF No. 14.)  On February 13, 2014, Plaintiff filed objections.  (ECF No. 17.)

---

[1] By separate order, the Magistrate Judge directed Plaintiff to submit service documents for Defendant Pulido.  (ECF No. 15.)  On February 18, 2014, after Plaintiff returned the service documents, the Magistrate Judge directed the United States Marshals Service to serve Defendant Pulido with the first amended complaint.  (ECF No. 18.)

1

In his objections, Plaintiff states that it is not his desire to have Defendant Kern County dismissed from this action. Plaintiff believes that he misunderstood an instruction regarding this matter, he is incompetent to represent himself and he would like to be appointed counsel. (ECF No. 17.) Plaintiff's request for the appointment of counsel is not a basis for disagreement with the Magistrate Judge's findings and recommendations. Although Plaintiff claims that he is incompetent, there is no indication that the Magistrate Judge erred or that the appointment of counsel is warranted.

Further, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Plaintiff's assertion that he is incompetent because he was unable to cure the deficiencies identified by the Magistrate Judge regarding Defendant Kern County Jail is not sufficient to demonstrate exceptional circumstances. Plaintiff was able to state a cognizable claim against Defendant Pulido.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on January 14, 2014, are adopted in full;
2. This action shall proceed on Plaintiff's claim against Defendant Pulido for excessive force in violation of the Fourteenth Amendment;
3. Defendant Kern County Jail is dismissed from this action based on Plaintiff's failure to state a cognizable claim;
4. Plaintiff's request for the appointment of counsel is denied; and
5. This action is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   March 18, 2014

_____
SENIOR  DISTRICT  JUDGE